1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN, | Case No. CV 15-06277 TJH (RAO) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF HABEAS CORPUS PETITION |
| W. L. MUNIZ, Warden, | |
| Respondent. | |

On August 9, 2015, Petitioner Kelvin Allen ("Petitioner"), a person in state custody proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his 1996-97 conviction and sentence in Los Angeles Superior Court case no. BA125580.  (Dkt. No. 1.)  Concurrent with the Petition, Petitioner filed a Motion and Request for Application of Equitable Tolling Granting Leave to File Habeas Corpus Petition ("Motion for Equitable Tolling"). (Dkt. No. 2.)

## **BACKGROUND**

### A.    **Prior Proceedings**

Pursuant to Federal Rule of Evidence 201, this Court takes judicial notice of the records in prior federal habeas corpus petitions brought by Petitioner: *Kelvin Allen v. Warden, Bob Horel*, case no. CV 07-2939-TJH (RC) ("Allen I"), which

1   was dismissed as untimely on November 30, 2007 (Allen I, Dkt. Nos. 19-20; *see*
2   *also* Allen I, Report and Recommendation of United States Magistrate Judge dated
3   October 26, 2007 ("2007 Report and Recommendation"), Dkt. Nos. 15-16); and
4   *Kelvin Allen v. People of the State of California*, case no. CV 09-9261-TJH (RC)
5   ("Allen II"), which was dismissed as a successive petition.  (Allen II, Dkt. No. 4).
6   In both cases, Petitioner filed a notice of appeal and request for a certificate of
7   appealability.  (Allen I, Dkt. No 21; Allen II, Dkt. No. 6.)  Each request was denied
8   by this Court and the Ninth Circuit Court of Appeals.  (Allen I, Dkt. Nos. 23, 29;
9   Allen II, Dkt. Nos. 8, 11.)

10   **B.    Factual Background**

11   On December 16, 1996, in Los Angeles County Superior Court, a jury
12   convicted Petitioner of one count of special circumstances first-degree murder in
13   violation of P.C. §§ 187(a) and 190.2(a)(17) and one count of second- degree
14   robbery in violation of P.C. § 211, and the jury found that, in committing the
15   robbery, Petitioner personally inflicted great bodily injury within the meaning of
16   P.C. § 12022.7(a).  (2007 Report and Recommendation at 1-2.)

17   Petitioner appealed his conviction and sentence to the California Court of
18   Appeal, which affirmed the judgment in an unpublished opinion filed January 21,
19   1998.  (*Id.* at 2.)  Petitioner filed a petition for review in the California Supreme
20   Court, which was denied on April 15, 1998.  (*Id.*)

21   On July 19, 2005, Petitioner, proceeding *pro se*, filed a petition for habeas
22   corpus relief in the California Supreme Court, which denied the petition on May 24,
23   2006.  (*Id.* at 2-3.)

## DISCUSSION

24   **A.    Second or Successive Petition**

26   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
27   "greatly restricts the power of federal courts to award relief to state prisoners who
28   file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656,

2

1   661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001).

2       "An individual seeking to file a 'second or successive' application must

3   move in the appropriate court of appeals for an order directing the district court to

4   consider his application," *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S.

5   Ct. 1618, 140 L. Ed. 2d 849 (1998), and the appellate court "may authorize the

6   filing of a second or successive application only if it determines that the application

7   makes a prima facie showing that the application satisfies the requirements of"

8   § 2244(b).   28 U.S.C. § 2244(b)(3)(C); *see also Cooper v. Calderon*, 274 F.3d

9   1270, 1274 (9th Cir. 2001) (per curiam) ("'When the AEDPA is in play, the district

10  court may not, in the absence of proper authorization from the court of appeals,

11  consider a second or successive habeas application.'") (quotation and citation

12  omitted).

13      A petition dismissed as untimely renders a subsequent petition challenging

14  the same conviction second or successive for purposes of § 2244(b).   *McNabb v.*

15  *Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).   Since Allen I was denied as untimely,

16  the instant Petition (which challenges the same conviction) is a successive petition.

17  *Id.; see generally* 2007 Report and Recommendation.   Moreover, as in Allen II, it

18  plainly appears on the face of the instant Petition that Petitioner has not received

19  authorization from the Ninth Circuit Court of Appeals to file a successive petition.

20      Rule 4 of the Rules Governing Section 2254 Cases in the United States

21  District Courts provides that "[i]f it plainly appears from the petition and any

22  attached exhibits that the petitioner is not entitled to relief in the district court, the

23  judge must dismiss the petition and direct the clerk to notify the petitioner."   Thus,

24  this Court must dismiss the instant Petition as a successive petition for which it

25  lacks subject matter jurisdiction.

26  **B.    Timeliness**

27      Alternatively, the Court finds Petitioner's challenge to his state conviction is

28  time-barred.   The AEDPA altered federal habeas litigation by imposing a specific

time limit on the filing of federal habeas petitions. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have just one year to file their federal habeas petitions. The one-year limitation period begins to run from the latest of:

> (A)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   The date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Under § 2244(d)(1)(A), Petitioner's conviction became final on July 14, 1998, 90 days after the California Supreme Court denied his petition for review on April 15, 1998. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, Petitioner did not file the instant Petition until August 9, 2015. The instant Petition is therefore time-barred unless statutory or equitable tolling applies.

### 1.     *Statutory Tolling*

As the Court has previously held in Allen I, while AEDPA creates a statutory tolling exception for properly filed applications for state collateral relief, *see* 28

4

1   U.S.C. § 2254(d)(2), Petitioner is not entitled to any statutory tolling here because

2   "state petitions for post-conviction or collateral relief filed after the statute of

3   limitations has expired neither toll nor revive the expired limitations period."  2007

4   Report and Recommendation at 5-6; s*ee also Jiminez v. Rice*, 276 F.3d 478, 482

5   (9th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

6       **2.    *Equitable Tolling***

7       A petitioner is entitled to equitable tolling if he can establish: (1) that he has

8   diligently pursued his rights, but (2) that some extraordinary circumstances beyond

9   his control stood in his way and made it impossible to timely file his petition.  *Pace*

10  *v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  The

11  extraordinary circumstance must also have caused the untimeliness.  *Bills v. Clark*,

12  628 F.3d 1092, 1097 (9th Cir. 2010).  The threshold necessary to trigger equitable

13  tolling is high, and thus equitable tolling is unavailable in most cases.  *Id.*

14      Petitioner asserts that his learning disability, dyslexia, and resulting illiteracy

15  are extraordinary circumstances that warrant the application of equitable tolling.

16  Motion ("Mot.") at 1-11.  However, "dyslexia, learning disabilities, and illiteracy,

17  standing alone, [do] not justify equitable tolling of the § 2244(d)(1) statute of

18  limitations."  *Clay v. Smith,* 365 F. App'x 98, 103 (10th Cir. 2010).[1]  Petitioner must

19  

20  [1]  *See also, e.g.*, *Baker v. California Dept. of Corr.*, 484 Fed. App'x 130, 131 (9th

21  Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some

22  assistance to prepare a habeas petition are not extraordinary circumstances to

    warrant equitable tolling of an untimely habeas petition."); *Laurson v. Leyba*, 507

23  F.3d 1230, 1232 (10th Cir. 2007) (petitioner not entitled to equitable tolling

24  because of dyslexia); *Vasquez v. Martel,* 2011 WL 285045 at *4 (E.D. Cal. Jan. 25,

    2011) ("a low educational level, even to the point of illiteracy, does not

25  automatically entitle an inmate to equitable tolling"); *Stableford v. Martel,* 2010

26  WL 5392763, at *3 (C.D. Cal. Sept. 14, 2010) (rejecting petitioner's argument that

    he was entitled to equitable tolling because he was illiterate, dyslexic, generally

27  uneducated and had only limited access to an inadequate prison law library on the

28  grounds that "[n]one of these circumstances is sufficiently extraordinary to warrant

    tolling").

5

also show how dyslexia and illiteracy caused the untimely filing. *See Hemenway v. Washington*, 409 F. App'x 93, 94 (9th Cir. 2010).

Here, Petitioner's argument—that neither the prison law library staff nor the prison inmate law clerks were allowed to help him understand the legal materials he was provided, and that this lack of assistance caused the Petition's untimeliness, *see* Mot. at 5—is severely undercut by the prior petitions filed in this Court, and also in the California Supreme Court. Those filings suggest that Petitioner's dyslexia and illiteracy are not so "extraordinary" that it was impossible for him to timely file the instant Petition.

Accordingly, Petitioner's Motion for Equitable Tolling must be denied and the Petition dismissed as time-barred.

## **ORDER**

IT IS HEREBY ORDERED that Petitioner's Motion for Equitable Tolling is DENIED.

IT IS FURTHER ORDERED that Judgment be entered SUMMARILY DISMISSING the habeas petition and action for lack of subject matter jurisdiction.[2]

The Clerk of the Court shall notify Petitioner of the Judgment.

DATED: August 31, 2015

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the summary dismissal of this action, Petitioner's motion for appointment of counsel is denied.

6